Scot L. Claus (#014999)
**DICKINSON WRIGHT/MARISCAL WEEKS**
2901 North Central Avenue, Suite 200
Phoenix, Arizona 85012-2705
Telephone: (602) 285-5000
Facsimile: (602) 285-5100
Email: sclaus@dickinsonwright.com
[Firm E-mail: courtdocs@dickinsonwright.com]

*Attorneys for Plaintiff*
 *Greek Island Labs, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Greek Island Labs, LLC, an Arizona Limited Liability Company, | CASE NO. |
| Plaintiff, | COMPLAINT |
| vs. | |
| Namingrights.com, LLC, a Limited Liability Company of unknown domicile, and Backslap Domains, Inc., a Nevada Corporation. | |
| Defendants. | |

For its Complaint against Defendants Namingrights.com, LLC ("Namingrights") and Backslap Domains, Inc. ("Backslap"), Plaintiff Greek Island Labs, LLC ("Greek Island"), alleges as follows:

**PARTIES**

1.      Greek Island is an Arizona Limited Liability Company with its primary place of business in Maricopa County, Arizona.

2.      Upon information and belief, Namingrights is a limited liability company of unknown domicile, with its principal place of business in New York. Upon further information and belief, Namingrights has purposefully directed substantial business activities towards Arizona.

3. Upon information and belief, Backslap is a Nevada corporation with its principal place of business in Pompano Beach, Florida. Upon further information and belief, Backslap has purposefully directed substantial business activities towards Arizona.

## NATURE OF CASE, JURISDICTION, AND VENUE

4. Greek Island manufactures and sells products under the Trademark "Adonia."

5. Greek Island's Adonia Trade Mark is registered under the Principal Register of the United States Patent and Trade Mark Office in more than twenty (20) separate registrations, including Registration Nos. 3982994 and 3982993.

6. This lawsuit involves violations of the Lanham Act and the Anticybersquatting Consumer Protection Act.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL CLAIMS

9. As noted in its Registrations, Greek Island has sold products under the Trademark "Adonia" since 2008. Greek Island has developed significant goodwill as a result of its continuous use of the "Adonia" Trademark.

10. Namingrights has appropriated and registered the domain name www.adonia.com (the "Domain Name").

11. Upon information and belief, Backslap served as the Registrar for the Domain Name, and entered into a Registration Agreement with Namingrights.

12. Upon information and belief, Namingrights obtained and has maintained the Domain Name for no other reason to attempt to sell it at an extortive price.

13. The Domain Name does not consist of a legal name or a name that is commonly used to identify Namingrights.com.

14. Namingrights has no history of prior use of using the Domain Name in connection with the bona fide offering of any goods or services.

15. Namingrights has not appropriated, nor is it using, the Domain Name in a bona fide or non-commercial fair use manner.

16. Upon information and belief, Namingrights is using the Domain Name to divert customers from the Plaintiff's intended or potential customers, and such use harms the goodwill represented by Plaintiff's Trademark, because it improperly creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement by Greek Island of the subject Domain Name and/or the "landing site."

17. Upon information and belief, Namingrights' purpose in obtaining, appropriating and maintaining the Domain Name is to offer to transfer, sell, or otherwise assign the Domain Name to Plaintiff or another third party for financial gain without having used, or having an intent to use, the Domain Name in the bona fide offering of any goods or services. Indeed, upon information and belief, Namingrights has displayed a pattern of such conduct.

18. Upon information and belief, Namingrights provided material and misleading false contact information when applying for the Registration of the Domain Name, and intentionally has failed to maintain accurate contact information. Upon further information and belief, this provision of material and misleading contact information is a pattern and practice of Namingrights.

19. Upon information and belief, Namingrights is engaged in the practice of registering and/or acquiring multiple Domain Names which Namingrights knows are identical or confusingly similar to the Marks of others that are distinctive at the time of Registration of such Domain Names, or dilutive of a famous Mark or of other Marks that are famous at the time of Registration of such Domain Names, without regard to the goods or services of the parties.

20. It is clear that Namingrights has no legitimate purpose to have appropriated and registered the Domain Name, had no good faith basis to appropriate the Domain Name, and has no good faith basis to retain ownership of the Domain Name.

21. Indeed, Namingrights is using the Domain Name in commerce as follows: when a Internet user ("User") enters the Domain Name into the address bar of an Internet browser, the User is directed to a "landing site" where the user is notified that "This Domain Name Is For Sale Exclusively At Namingrights.com."  (See Exhibit "1," attached hereto).  Moreover, the User is invited in click on links identified as "Related Searches," which are, in fact, links to sponsored websites.

22. Thus, through use of the Domain Name, Namingrights is attempting to divert customers who are searching for Plaintiff's products to the "landing site" so that Namingrights may reap a pecuniary gain.

23. Thus, Namingrights' use of the "Adonia" Mark is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Namingrights with the goods and services of Plaintiff.

24. Upon information and belief, as a Registrar, Backslap knows that Namingrights is infringing upon Plaintiff's Trade Mark through maintenance and use of the Domain Name.

25. Moreover, Backslap has permitted Namingrights to use a fictitious entity and address in its WHOIS contact information, in violation of Section 3.3 of Backslap's Registrar Accreditation Agreement.

26. Upon information and belief, Backslap has violated the Registrar Accreditation Agreement and is knowingly permitting Namingrights to engage in tortious activity solely to derive pecuniary gain.

**COUNT ONE**

(**Federal Trademark Infringement—Lanham Act**)

27. The allegations of the preceding paragraphs are incorporated by this reference as if fully set forth herein.

28. Namingrights' use in commerce of Plaintiff's Adonia Trademark constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

29. Defendant' Namingrights' wrongful use of the Adonia Trademark is likely to cause confusion as to sponsorship or authorization by Greek Island, or alternatively, destroy the origin-identifying function of the Adonia Trademark. Defendant's actions constitute trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

30. As a proximate result of Defendant Namingrights' actions, Greek Island has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury to Greek Island is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Greek Island for its injuries and Greek Island lacks an adequate remedy at law.

31. Upon information and belief, the foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

32. Greek Island is entitled to a permanent injunction against Defendant Namingrights, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

**COUNT TWO**

(**Federal Unfair Competition, Dilution, False Designation of Origin**)

33. The allegations of the preceding paragraphs are incorporated by this reference as if fully set forth herein.

34. The Adonia Mark, as used by Greek Island is distinctive marks and have become associated with Greek Island, and thus exclusively identify Greek Island's business, products, and services.

35. Because of Namingrights' wrongful use of the Adonia Mark and its appropriation as a domain name used in connection with the "landing site," consumers are deceptively directed to the "landing site" or otherwise are led to believe that the "landing site" originates with or is sponsored or otherwise approved by Greek Island, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. The foregoing acts and conduct by Defendant Namingrights constitute false designation of origin, passing off and false advertising in connection with products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. As a proximate result of Defendant Namingrights' actions, Greek Island has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury to Greek Island is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Greek Island for its injuries and Greek Island lacks an adequate remedy at law.

38. Upon information and belief, the foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

39. Greek Island is entitled to a permanent injunction against Defendant Namingrights, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## COUNT THREE

(**Contributory Infringement, Unfair Competition, Dilution, False Designation of Origin**)

40. The allegations of the preceding paragraphs are incorporated by this reference as if fully set forth herein.

41. Upon information and belief, Backslap continues to supply its registration services to Namingrights despite knowing that Namingrights is engaged in infringing activities and other tortious activities described above.

42. Information and belief, Backslap should have reasonably anticipated the infringing and other tortious activity of Namingrights described above, but has failed to take reasonable precautions to prevent such infringement and tortious conduct.

43. By acting as the Registrar for the Domain Name, Backslap has played a significant role in Namingright's infringing and tortious activity.

44. For the foregoing reasons, Backslap has engaged in contributory infringement on the Adonia Mark, as well as contributory unfair competition, dilution, and false designation of origin, all in violation of the Lanham Act.

45. As a proximate result of Defendant Backslap's actions, Greek Island has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury to Greek Island is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Greek Island for its injuries and Greek Island lacks an adequate remedy at law.

46. Greek Island is entitled to a permanent injunction against Defendant Backslap, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages.

. . .

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Greek Island Labs, LLC prays for judgment against Defendants, as follows:

A. A permanent injunction enjoining Namingrights' use of the mark Adonia and any confusingly similar mark in commerce, and ordering Backslap to transfer the Domain Name to Plaintiff;

B. Ordering Defendants, in accordance with 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the permanent injunction;

C. Awarding Plaintiff compensatory damages, treble damages, exemplary damages, and attorneys fees, and ordering Namingrights to pay same.

D. Awarding Plaintiff its costs of suit and ordering all defendants to be liable for same jointly and severally; and

E. For such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this  28th  day of May, 2013.

**DICKINSON WRIGHT/MARISCAL WEEKS**

By: _s/ Scot L. Claus_
Scot L. Claus
2901 N. Central Avenue, Suite 200
Phoenix, Arizona 85012-2705
*Attorneys for Plaintiff*
 *Greek Island Labs, LLC*

PHOENIX 54216-1 56601v1